Statement of the Case.
MONROE, J.
Plaintiff alleges that defendant slandered him by communicating to different persons, including the judge of the district court, the report that he had been guilty of “stealing chickens and geese, carrying them to Covington, La., and selling them to buy whisky with, and bringing the whisky home (in' the parish of Washington) and selling it,” and that he verily believes that said statement by defendant to the judge lowered the latter’s estimation of petitioner and contributed to the conviction of petitioner upon the charge of selling whisky without a license. Wherefore he prays for damages. Defendant denies having made any slanderous statement concerning plaintiff, and particularly denies that he made the statement to the judge, as alleged in the petition; and by supplemental answer he alleges :
“That any statement made by your respondent charging the plaintiff with the commission *946 of any crime, misdemeanor, or -wrongdoing is true, and not slanderous, and * * * was made without malice and with good intent.”
There were 21 witnesses examined, including plaintiff and defendant, of whom 20 were neighbors of plaintiff, and some of them relatives, and of whom 20, or nearly 20, test!-, fied that his reputation was bad, and that he was generally suspected of selling whisky and stealing chickens and other property. One of the witnesses testified that some one broke into his house and took some dynamite, and that plaintiff, being spoken to upon the subject and it being known that he had been using dynamite, admitted that he had taken it and promised to pay for it, but never did so. Another witness testified that he had raised a hog, and put his mark on it, and that the hog disappeared, and came back with the mark changed to that of plaintiff. Another testified that he helped plaintiff to change the mark, and that plaintiff and he stole chickens on two occasions. Defendant’s connection with the matter here at issue arose out of the facts that he was a member of the grand jury that indicted plaintiff for selling whisky in violation of law, and that after plaintiff’s conviction, hearing his brother say something to a third person to the effect that the prosecution arose from prejudice, he fell into conversation with him, explaining that it was not so, an explanation which he repeated to plaintiff himself, who happened to come near them, and to whom defendant said (to quote his testimony):
“ T heard John [plaintiff’s brother] say it was prejudice that caused those things against you, but it’s not that way. If I had been mad, looks like I would have pushed other bills against you.’ I says, ‘There is no malice on my part at all.’ The best I remember, them’s the words I spoke. I forget just how the conversation run all the way through. That’s to the best of my memory. * * * I told him there was one or two charges that the grand jury could have got against him, if we had tried — for stealing chickens.”
The conversation took place on the steps of the courthouse, and attracted some attention, and defendant said to one or two of plaintiff’s relatives or family connections what he said to plaintiff. He did not, however, speak to the judge upon the subject.
There was judgment in the trial court for defendant, and plaintiff has appealed.
Opinion.
Defendant, who was plaintiff’s near neighbor, finding that he, or the grand jury of which he was a member, was being charged with having brought about by reason of personal prejudice plaintiff’s indictment and conviction for selling whisky without a license, was entitled to set himself right upon that subject, and as he appears to have been within the limits of the truth, and to have spoken without malice in saying to plaintiff and his relatives, though in the presence of •others, that, if he had been actuated by such feeling, he might have pressed charges of stealing, he did not thereby make himself liable in damages for slander; it not appearing that he obtained the information upon which his statement was based in the secrecy of the grand jury room.
The judgment appealed from is therefore affirmed.